

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **LUIS ESPARZA,** | § | |
| *Plaintiff* | § | |
| vs. | § | CIVIL ACTION NO. 7:23-CV-00130 |
| | § | |
| **WOODCRAFTERS HOME PRODUCTS, LLC a/k/a MASTERBRAND HOME PRODUCTS, LLC** | § | |
| *Defendant* | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, LUIS ESPARZA, hereinafter referred to by name or as Plaintiff, and complains of WOODCRAFTERS HOME PRODUCTS, LLC a/k/a MASTERBRAND HOME PRODUCTS, LLC hereinafter referred to by name or as Defendants, and for cause of action respectfully shows the court as follows:

## I.
## DISCOVERY LEVEL

1. Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.
## PARTIES/SERVICE

2. Plaintiff, LUIS ESPARZA, is an individual residing in Hidalgo County, Texas.

3. Defendant, WOODCRAFTERS HOME PRODUCTS, LLC, is a corporation authorized to do business in the State of Texas and has been served. Defendant WOODCRAFTERS HOME PRODUCTS, LLC has changed names to MASTERBRAND HOME PRODUCTS, LLC and is

being served through their attorney of record Gregory S. Hudson and through the certificate of service below.

### III.
### JURISDICTION AND VENUE

4. Venue is proper in Hidalgo County, Texas pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

5. Pursuant to Rule 47 of the TEXAS RULE OF CIVIL PROCEDURE, this is a cause of action that exceeds $1,000,000.00 in damages and is within the court's jurisdictional limits.

### IV.
### MISNOMER

6. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of Parties name herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such Parties properly included in the interest of justice. In the event that the true Parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

### V.
### FACTS

7. On or about May 3, 2021, the Plaintiff LUIS ESPARZA was working for TRANCASA USA Trucking at the Defendants facility at 3700 Camino de Verdad, Weslaco, Texas 78596. Plaintiff was tasked with moving the preloaded trailers to the docks at Defendants' facility. As Plaintiff cut the locks and opened the back doors of the trailer the load of cabinets with sinks came crashing down on Plaintiff. The loads did not have the braces that are usually there to brace the load.

8. As a result of the negligent loading of the trailer by an agent/employee of Defendants

Plaintiff sustained severe injuries and damages to his body as more fully set forth below.

9.     The occurrence made the basis of this suit, as stated above, and Plaintiff's resulting injuries and damages were proximately caused by negligent conduct of the Defendants.

## VI.
## CAUSE OF ACTION

10.    *A. Negligence*

The occurrence made the basis of this suit, reflected in Section V, and the resulting injuries and the damages of Plaintiff, LUIS ESPARZA, were proximately caused by the negligent conduct of the Defendants who loaded the trailer negligently and failed to properly brace the load and failed to exercise ordinary care in the following respects:

   a. in failing to load the trailer and brace the load to prevent it from falling; and

   b. in failing to warn the Plaintiff of the lack of braces.

Each of these acts/or omissions, whether taken singularly or in any combination, constitute negligence which proximately caused the injuries and other losses as specifically set forth herein, all of which Plaintiff, LUIS ESPARZA, suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VII.
## CAUSE OF ACTION – WOODCRAFTERS HOME PRODUCTS, LLC a/k/a MASTERBRAND HOME PRODUCTS, LLC

11.    *A. RESPONDEAT SUPERIOR*

Defendants were negligent under the theory of *respondeat superior* in that Defendants' employees were acting within the course and scope of their employment with Defendants at the time the incident occurred.

Each and all of the foregoing acts and/or omissions of the agents, servants, and/or employees for Defendants were negligent and constituted negligence and were each and all the

proximate cause of the incident which forms the basis of this suit, and were a proximate cause of Plaintiff's injuries and damages.

12.  *B. NEGLIGENT HIRING/RETENTION/TRAINING/SUPERVISION*

Defendants are also negligent in one or more of the following respects:

a. negligent hiring;

b. negligent loader qualifications;

c. negligent supervision and monitoring of Defendant's employees who loaded the trailer;

d. negligent retention;

e. negligent contacting;

f. negligent maintenance;

g. Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its loading of trailers occurred;

## VIII.
## PREMISES LIABILITY – WOODCRAFTERS HOME PRODUCTS, LLC

13. The facts as outlined above created a dangerous condition on the premises under the control of Defendants and such dangerous conditions was known or should have been known to the Defendants. The Defendants were the owner/occupiers in control of the premises where Plaintiff was injured.

14. The dangerous condition of not bracing the loaded trailer while Plaintiff was tasked with opening the trailer doors, was not known to the Plaintiff as Plaintiff believed the load would be properly braced. The load came down on the Plaintiff causing serious injuries to the Plaintiff.

## IX.
## DAMAGES

15. The occurrence made the basis of this suit, referred to in this Petition, and Plaintiff's resulting injuries and/or damages, were proximately caused, aggravated or accelerated by the negligent conduct of the Defendants.

16. As a direct and proximate result of the negligent conduct of Defendants Plaintiff suffered severe bodily injuries to his neck, back, legs, and other parts of his body generally. Plaintiff's entire body was bruised, battered and contused. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well- being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have cause and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of the deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

17. As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

18. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

19. Plaintiff has also suffered losses of past wages and future earning capacity. Plaintiff has also suffered a loss of physical impairment in the past and future.

20. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the court for which he now sues.

21. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff LUIS ESPARZA seeks monetary relief OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00) and a demand for judgment for all the other relief to which Plaintiff deems himself justly entitled at the time of filing the suit, which, with the passage of time, may change.

## XI.
## JURY DEMAND

22. Plaintiff LUIS ESPARZA further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## XIV.
## PRAYER

23. WHEREFORE, PREMISES CONSIDERED, Plaintiff, LUIS ESPARZA, requests that the Defendants be cited to appear and answer, and on final trial thereafter, that Plaintiff have judgment against Defendant, jointly and severally, in an amount within the jurisdictional limits of the court, together with all pre-judgment and post- judgment interest as allowed by law, costs of court, and for such other and further relief to which Plaintiff may be justly entitled, at law and in equity, including, but not limited to:

   1. Pain and suffering in the past;
   2. Pain and suffering in the future;

3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest;
16. Property damage; and
17. Exemplary damages.

Respectfully submitted,

**CARABIN & SHAW, P.C.**
630 Broadway
San Antonio, TX  78215
Telephone: (210) 222-2288
Facsimile: (210) 892-6281

By:   /s/ Bernardo Gonzalez
**BERNARDO GONZALEZ**
State Bar No. 08124100
bernardogonzalez@carabinshaw.com
ATTORNEY FOR PLAINTIFF